**CARLSON LYNCH, LLP**
Todd D. Carpenter (CA 234464)
(Eddie) Jae K. Kim (CA 236805)
Scott G. Braden (CA 305051)
1350 Columbia St. Ste. 603
San Diego, California 92101
Tel: (619) 762-1900
Fax: (619) 756-6991
tcarpenter@carlsonlynch.com
ekim@carlsonlynch.com
sbraden@carlsonlynch.com

*Attorneys for Plaintiff TERESA ADAMS, and the Proposed Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA ADAMS, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION, a Washington corporation, and DOES 1-20, inclusive,<br><br>Defendant. | Case No. 8:20-cv-00225<br><br>**CLASS ACTION COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

CLASS ACTION COMPLAINT

Plaintiff TERESA ADAMS, ("Plaintiff"), on behalf of herself and all other similarly situated, brings this consumer class action against Defendant Starbucks Corporation ("Starbucks" or "Defendant") for unlawful, unfair, and deceptive business practices in violation of California Business & Professions Code Section 17200, *et seq.*, California Business & Professions Code Section 17500, *et seq.*, and California Civil Code Section 1750, *et seq.* and alleges as follows:

## I.   NATURE OF ACTION

1. Starbucks is the global leader of the coffee industry, reporting net revenue of $24.7 billion for 2018. Notwithstanding its unmatched success, the coffee giant engages in widespread false and deceptive advertising designed to cheat consumers' without giving them the benefit of their coffee bargain. Starbucks offers three sizes of espresso beverages: 1) Tall (Smallest size); 2) Grande (Medium Size); and 3) Venti (Largest size). Starbucks engages in a classic bait-and-switch scheme that causes unsuspecting consumers to shell out more money for the larger, Venti-sized, espresso beverages under the false belief that the Venti-sized espresso beverage contains more espresso, and thus more caffeine, than the medium Grande-sized drinks. However, in reality, consumers receive a more expensive, Venti-sized drink containing the *same amount* of espresso and caffeine as the cheaper Grande-sized equivalent drink. This misleading practice offends reasonable consumer expectations.

2. Starbucks advertises its drinks for sale primarily in three (3) sizes: Tall (small, 12 fl. oz.), Grande (medium, 16 fl. oz.), and Venti (large, 20 fl. oz.). For each coffee drink offered for purchase, the different sizes and their corresponding prices are uniformly listed on a large menu board located on the wall behind the register at each Starbucks retail location and/or on a menu board preceding their drive thru windows. Consumers come to expect that as the drinks increase in size, so too does the amount of coffee or espresso, and

thus the caffeine.[1] For instance, a standard Tall Iced Caffe Latte, comprised of only milk, ice, and brewed espresso, contains approximately 75mg of caffeine.[2] When a customer chooses to upgrade to the larger Grande size, they receive the same drink, *i.e.* a drink with the same proportional ingredients found in the Tall. The Grande drink contains 150 mg of caffeine, precisely double the amount of the Tall.[3] It reasonably follows that the largest size, the Venti, contains 225 mg of caffeine, or triple the amount of the Tall.[4] The increase in caffeine is attributed to the addition of more espresso. Simply stated, consumers expect to receive the same drink, regardless of what size they receive it in.

3. However, this reasonable expectation regarding the relationship between the increase in size of the drink and quantity of caffeine is not true for all of Starbucks's drinks—there are many Venti-sized espresso beverages that *do not* contain more espresso, and hence are equal in caffeine content to their cheaper, Grande-sized equivalents. These products (hereinafter, collectively the "Diluted Products") include the following hot espresso beverages:

| Beverage | Grande & Venti-sized Espresso Beverage Caffeine Content (mg) |
|---|---|
| Cappuccino | 150 |
| Caramel Cloud Macchiato | 150 |
| Caffe Latte | 150 |
| Pumpkin Spice Latte | 150 |
| Cinnamon Dolce Latte | 150 |
| Cocoa Cloud Macchiato | 150 |
| Flat White | 195 |
| Latte Macchiato | 225 |

---

[1] *See, e.g.,* https://www.rd.com/food/fun/starbucks-venti-latte-caffeine/

[2] https://www.starbucks.com/menu/drinks/espresso/iced-caffe-latte?foodZone=9999#size=110569&milk=63

[3] https://www.starbucks.com/menu/drinks/espresso/iced-caffe-latte?foodZone=9999#size=110570&milk=63

[4] https://www.starbucks.com/menu/drinks/espresso/iced-caffe-latte?foodZone=9999#size=144648&milk=63

| | |
|---|---|
| Starbucks Blonde Caffe Latte | 170 |
| Starbucks Blonde Caramel Cloud Macchiato | 170 |
| Starbucks Blonde Cocoa Cloud Macchiato | 170 |
| Starbucks Blonde Flat White | 225 |
| Starbucks Blonde Pumpkin Spice Latte | 170 |
| Starbucks Blonde Vanilla Bean Coconutmilk Latte | 170 |
| Starbucks Blonde Vanilla Latte | 170 |
| Vanilla Bean Coconutmilk Latte | 150 |
| White Chocolate Mocha | 150 |
| Pumpkin Spice Latte | 150 |

4. To demonstrate further: the standard Grande Caffe Latte, which is comprised of just milk and brewed espresso, contains 150 mg of caffeine; however, the caffeine content is exactly the same for the larger Venti size. In these instances when a customer desires to purchase the larger Venti Caffe Latte, the customer is unknowingly paying more money for 4 additional ounces of milk. No reasonable, informed consumer would do so. The customer is not receiving any additional espresso or caffeine. This defies a reasonable consumer's expectation that if they pay for a larger espresso beverage, they will receive a beverage with *more espresso*. At no time does Starbucks inform consumers as to the true amount of espresso or the caffeine content of its Venti-sized espresso beverages. Indeed, nowhere on Starbucks in-store or drive-thru menus does it inform customers of the accurate espresso or caffeine content for any of the Diluted Products, which can only be found by reference to Starbucks' website. For instance, nutrition facts for the Grande-sized and Venti-sized hot Caffe Latte prove they contain the same caffeine content:[5]

---

[5] See https://www.starbucks.com/menu/drinks/espresso/caffe-latte?foodZone=9999 and https://www.starbucks.com/menu/drinks/espresso/caffe-latte?foodZone=9999#size=121966&milk=63

## Grande:

| | |
|---|---|
| **Calories** 190 | Calories from Fat 70 |
| | **% Daily Value*** |
| **Total Fat** 7g | **11%** |
| Saturated Fat 4.5g | **22%** |
| Trans Fat 0g | |
| **Cholesterol** 30mg | **10%** |
| **Sodium** 170mg | **7%** |
| **Total Carbohydrate** 19g | **6%** |
| Dietary Fiber 0g | **0%** |
| Sugars 18g | |
| **Protein** 13g | |
| <mark>Caffeine 150mg**</mark> | |

*Percent Daily Values are based on a 2,000 calorie diet.

**Each caffeine value is an approximate value.

**Nutrition Facts Per Serving (16 fl oz)**

## Venti:

| | |
|---|---|
| **Calories** 250 | Calories from Fat 80 |
| | **% Daily Value*** |
| **Total Fat** 9g | **14%** |
| Saturated Fat 6g | **30%** |
| Trans Fat 0g | |
| **Cholesterol** 40mg | **13%** |
| **Sodium** 220mg | **9%** |
| **Total Carbohydrate** 24g | **8%** |
| Dietary Fiber 0g | **0%** |
| Sugars 23g | |
| **Protein** 16g | |
| <mark>Caffeine 150mg**</mark> | |

*Percent Daily Values are based on a 2,000 calorie diet.

**Each caffeine value is an approximate value.

**Nutrition Facts Per Serving (20 fl oz)**

5. Adding to this deceit, the vast majority of the Products are sold in iced versions as well (the "Iced Versions") that ***do increase in espresso and caffeine content from Grande to Venti***, such as in the aforementioned Iced Caffe Latte.[6] Thus, Starbucks customers who purchase the Iced Version(s) of a Product may rightly come to expect an increase in espresso/caffeine content between the Grande-sized and Venti-sized hot beverage Products.

---

[6] The Iced Versions include, Iced Cappuccino, Iced Caramel Cloud Macchiato, Iced Caffe Latte, Iced Caramel Macchiato, Iced Cinnamon Dolce Latte, Iced Cocoa Cloud Macchiato, Iced Latte Macchiato, Iced Starbucks Blonde Caffe Latte, Iced Starbucks Blonde Caramel Cloud Macchiato, Iced Starbucks Blonde Cocoa Cloud Macchiato, Iced Starbucks Blonde Flat White, Starbucks Blonde Iced Pumpkin Spice Latte, Iced Starbucks Blonde Vanilla Bean Coconut Milk Latte, Iced Starbucks Blonde Vanilla Latte, Iced Vanilla Bean Coconutmilk Latte, Iced White Chocolate Mocha, and Iced Pumpkin Spice Latte. *See* https://www.starbucks.com/menu/catalog/product?drink=espresso#view_control=product

6. Plaintiff and those similarly situated ("Class Members") relied on Defendant's representations that the larger, Venti-sized select hot espresso beverages (the "Products") contained more espresso, and therefore, more caffeine, than their smaller Grande-sized equivalent. Plaintiff and Class Members would not have paid more to purchase the Venti-sized drink had they known the truth about its caffeine content. As a result, Plaintiff and the Class Members suffered monetary damages as a result of Defendant's false and deceptive misrepresentations and omissions.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) in that: (1) this is a class action involving more than 100 class members; (2) Plaintiff is a citizen of the State of California and Defendant is a citizen of the State of Washington; and (3) the amount in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

8. The Court has personal jurisdiction over Defendant because Defendant conducts business in California. Defendant has marketed, promoted, and sold coffee and espresso drinks in the State of California, and Defendant has sufficient minimum contacts with this State and/or has sufficiently avails itself of the market in this State through its promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while Plaintiff resided in this judicial district.

## III. PARTIES

10. Plaintiff Teresa Adams resides in Orange County, California. On or about November 20, 2019, Plaintiff purchased a Venti Pumpkin Spice Latte from a Starbucks located at 620 Avenida Pico, San Clemente, California 92673. Plaintiff read the menu at the drive thru. Based on the advertisement at the drive thru, Plaintiff believed that by purchasing the Venti size, she would be purchasing a drink that contained more coffee or

espresso, and therefore, more caffeine, than if she had purchased the same drink in the smaller Grande size. In reality, however, although Plaintiff paid $5.45 for the Venti size Pumpkin Spice Latte, she received a watered-down version of a Pumpkin Spice Latte, one that contained the exact same amount of espresso and caffeine as the Grande size. Plaintiff would not have purchased the Venti-sized Pumpkin Spice Latte had she known the truth about the espresso/caffeine content of the Venti-sized drink – that it equaled the Grande-sized equivalent of the drink.

11. Defendant Starbucks Corporation is a corporation organized and existing under the laws of the state of Washington with its headquarters and principal place of business at 2401 Utah Avenue S., Ste. 800, Seattle, Washington 98134. Starbucks is a publicly-traded coffee company and with over 24,000 locations across the globe. The world-renowned coffee shop is arguably one of the largest fast food chains in the world, taking in approximately $24.7 billion in revenue in 2018. Starbucks locations serve hot and cold drinks, whole-bean coffee, tea products, sandwiches, salads, and other pre-packaged food items. Defendant, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Upon information and belief, Starbucks operates over 2,800 locations in the State of California.

### IV. SUBSTANTIVE ALLEGATIONS

#### a. Starbucks' Advertising and Marketing of the Products

12. Starbucks has become the nation's most recognized coffee roaster and retailer. Beginning with just a single store in 1971 located at Seattle's Pike Place Market, Starbucks now operates over 24,000 retail stores in 70 different countries. The coffee giant excels in offering a wide range of products to customers such as coffee, tea, handcrafted espresso and non-coffee blended beverages, merchandise, fresh food, and ready-to-drink beverages. Starbucks distinguishes itself through product innovation, such as the introduction of seasonal favorites like the renowned "pumpkin spice latte," and non-dairy milk substitutes, like almond and soy milk. In all respects, Starbucks has become a common household name in the United States.

13. Defendant markets and sells a variety of drinks, which predominantly fall into eight (8) large categories: Cold Brew Draft and Iced Coffee; Evolution Fresh; Refreshers Beverages; Iced Tea; Bottled Drinks; Freshly Brewed Coffee; Espresso Beverages; Frappuccino Blended Beverages; and Other Hot Drinks. This case concerns Starbucks's hot Espresso Beverages.

14. Consumers have the option to purchase Starbucks beverages of primarily three (3) sizes: Tall (small, 12 fl. oz.), Grande (medium, 16 fl. oz.), and Venti (large, 20 fl. oz.). For each beverage offered for sale, the different sizes and their corresponding prices are uniformly listed on a large menu board on the wall behind the register at each Starbucks location.

15. Consumers come to expect that as the drinks increase in size, so too does the amount of coffee or espresso, and thus caffeine content. To illustrate, a standard Tall Iced Caffe Latte, comprised of only milk, ice, and brewed espresso, contains approximately 75 mg of caffeine. When a customer chooses to upgrade to the larger Grande size, they receive a drink with 150 mg caffeine, or double the amount of the Tall. It reasonably follows, and in fact it does follow with respect to the Iced Caffe Latte, that the next largest size, Venti, contains 225 mg caffeine, or triple the amount of the Tall. The increase in caffeine is attributed to the addition of more espresso.

16. However, this is not true with respect to the Products listed in paragraph 3 above. There are at least a handful of Venti-sized hot espresso beverages that *do not* contain more coffee or espresso. For instance, the standard Grande Caffe Latte contains 150 mg of caffeine, but so does the larger Venti size. In these instances, when a customer pays more money for a Venti-sized Caffe Latte, they are actually paying more money for an additional 4 ounces of milk, not for any additional espresso. This defies a reasonable consumer's expectation that if she pays for a larger espresso beverage, she will receive a beverage with more espresso. At no time does Starbucks inform, or make any effort to inform, consumers as to the true espresso composition or caffeine content of its Venti-sized espresso beverages. Indeed, at the time of ordering, customers are sometimes informed

they have the option to add another "shot" of espresso to each drink for an additional price, further reinforcing the reasonable belief that Venti-sized Products contain more espresso/caffeine than their Grande-sized equivalents.

17. Throughout the class period defined below, Defendant has engaged in, and continues to engage in, an advertising and marketing campaign that falsely represents that its Venti-sized espresso beverages contain more espresso than their respective Grande-sized drinks. Defendant has engaged in, and continues to engage in, a pattern of willful conduct, through affirmative misrepresentations and/or material omissions, designed to mislead its consumers into believing that the Products contain more espresso and thus caffeine than their Grande-sized equivalents.

18. As a result of this deception, Defendant has sold thousands, if not millions of select Venti-sized hot espresso beverages (the "Products") throughout its approximate 2,800 retail locations in the State of California.

19. Plaintiff and members of the Class have been, and will continue to be, deceived or misled by Defendant's deceptive advertising claims. Plaintiff and each Class Member purchased for their own personal benefit at least one Product during the class period, and in doing so, read and considered Defendant's advertising on its menu and based their decision to purchase the Products on those advertising claims. Defendant's advertising claim that the Products contained more espresso, and therefore, more caffeine, was not only a material factor, but also the only factor in influencing Plaintiff's decision to purchase the Product. Plaintiff and Class Members would not have purchased the Products had they known that they did not contain a greater amount of espresso, and thus more caffeine, than their Grande-sized equivalent. Indeed, Plaintiff and Class Members would have paid less and purchased the Grande-sized equivalent which contained the same amount of espresso as the more expensive Venti-sized drink instead.

20. Unfortunately for Plaintiff and Class Members, Defendant's advertising claims, in their entirety, are false and deceptive. Indeed, Defendant willfully omits from its advertising that the Venti-sized Products contain equal espresso and caffeine as their

Grande-sized equivalents and therefore intentionally leads consumers to believe that Venti-sized Products contain more espresso, and thus caffeine, based on size and price increase and other factors, including, but not limited to, the fact that the iced-versions of many of the Products do increase espresso and caffeine content between Grande and Venti sizes.

      **b. Defendant's Advertisements for the Products are False and Deceptive and Omit Material Information**

21. Whether the Products contain more coffee, espresso, or caffeine than their Grande-sized equivalent can be determined with objective factual evidence.

22. The marketing of the Products as containing more coffee, espresso, or caffeine than their Grande-sized equivalent is prominently placed on the large menu board located behind every counter and register at each Starbucks location, demonstrates Defendant's awareness that this claim about the Products' espresso composition and caffeine content is material to consumers.

23. Defendant's deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchasing decisions.

24. Plaintiff and Class Members reasonably relied to their detriment on Defendant's misleading representations and omissions.

25. In making these false, misleading, and deceptive representations and omissions described herein, Defendant knew and intended that consumers would purchase the Product and pay more believing that it contained more coffee or espresso, and thus more caffeine, than the cheaper Grande-sized equivalent.

26. As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured Plaintiff and the Class Members in that the Class:

    a. Paid a sum of money more for a Product that was not what Defendant represented;

  b. Were deprived of the benefit of the bargain because the Product they purchased was different than from what Defendant had warranted; and

  c. Were deprived of the benefit of the bargain because the Product they purchased had less value than what Defendant represented.

27. Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class Members would not have purchased the Products, but would have instead purchased their cheaper, Grande-sized equivalent.

28. Consequently, Plaintiff and the Class Members suffered injury in fact and lost money or property as result of Defendant's wrongful conduct.

## V. CLASS ALLEGATIONS

29. Plaintiff brings this action on behalf of herself and all other similarly situated Class Members pursuant to Rule 23 of the Federal Rules of Civil Procedure and seeks certification of the following Class against Defendant for violations of California state laws:

> All consumers within the State of California who purchased the select Starbucks Venti-sized espresso beverages (the "Products") during the applicable statute of limitations for their personal consumption. Excluded from the Class are Defendant's current or former officers, directors, and employees; counsel for Plaintiff and Defendant; and the judicial officer to whom this lawsuit is assigned.

30. <u>Numerosity</u>: The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the proposed Class contains hundreds of thousands of individuals who have been damaged by Defendant's conduct as alleged herein. The precise number of Class Members is unknown to Plaintiff.

31. <u>Existence and Predominance of Common Questions of Law and Fact</u>: This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

    a. Whether Defendant made false and/or misleading statements to the Class and the public concerning the espresso or coffee composition and caffeine content of Defendant's Products;

    b. Whether Defendant omitted material information to the public concerning the espresso or coffee composition and caffeine content of Defendant's Products;

    c. Whether Defendant's mass media advertising and/or packaging for the Products is misleading and deceptive;

    d. Whether Defendant's in-store signage advertising the sizes and prices of the Products misleading and deceptive;

    e. Whether Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of the Products;

    f. Whether Defendant's false and misleading statements concerning the Products were likely to deceive a reasonable consumer, and therefore the Class and public at large;

    g. Whether Defendant's omissions concerning the Products were likely to deceive a reasonable consumer, and therefore the Class and public at large;

    h. Whether Defendant represents to consumers that the Products have characteristics, benefits, or qualities that the Products do not have;

    i. Whether Defendant advertised the Products with intent to sell them not as advertised; and

    j. Whether Defendant engaged in false advertising with respect to the Products.

32. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class Members because, *inter alia,* all Class Member have been deceived (or were likely be deceived) by Defendant's false and misleading implied advertising claims about the true espresso or

coffee composition and caffeine content of Defendant's Products. Plaintiff is advancing the same claims and legal theories on behalf of herself and all Class Members.

33.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Class Members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no antagonistic or adverse interest to those of the Class.

34.   <u>Superiority</u>: The nature of this action and the nature of the laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to her and the Class for the wrongs alleged. The damages or other financial detriment suffered by individual Class Members is miniscule compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiff and Class Members, on an individual basis, to obtain effective redress for the wrongs done to them. Absent the class action, Class Members and the general public would not likely recover, or would not likely have the chance to recover, damages and/or restitution, or receive injunctive relief, and Defendant will, and will continue to, retain the proceeds of its fraudulent and deceptive misdeeds.

## VI.   CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**VIOLATION OF UNFAIR COMPETITION LAW ("UCL")**
**California Business & Professions Code § 17200, *et seq.***

35.   Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

36.   The UCL defines "unfair business competition" to include any "unlawful, unfair, or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code § 17200.

37.   Plaintiff has standing to pursue this claim because Plaintiff has suffered injury-in-fact and has lost money or property as a result of Defendant's unlawful, unfair,

and fraudulent actions. Specifically, Plaintiff purchased the Venti Pumpkin Spice Latte Product for her own personal consumption. In doing so, Plaintiff relied upon the false representations that the Products contained more espresso, and thus more caffeine, than the corresponding Grande-sized drink, when in fact, it contained the same exact amount of caffeine as its cheaper, Grande-sized equivalent. Plaintiff expended money in the transaction that she otherwise would not have had she known Defendant's advertising claims were false.

### *"Unfair" Prong*

38. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

39. Defendant's conduct constitutes an "unfair" business practice because, as alleged, Defendant engaged in a false advertising campaign that mislead consumers into believing that by purchasing Starbucks' larger (and more expensive) Venti-sized hot espresso beverage, they were receiving a beverage that contained more espresso, and thus more caffeine, than the smaller (and cheaper) Grande-sized drink.

40. Defendant's conduct harms the interests of consumers and market competition. There is no valid justification for Defendant's conduct.

### *"Fraudulent" Prong*

41. A business act or practice is "fraudulent" under the UCL if it is likely to deceive members of the consuming public.

42. Defendant engaged in a fraudulent business practice by knowingly representing to consumers that the Venti-sized hot espresso beverages contain more espresso, and thus more caffeine, than their cheaper, smaller Grande-sized equivalents. Defendant's practice deceived Plaintiff and is highly likely to, and does in fact, deceive members of the consuming public who purchased the Products in reliance on their

advertised composition. Such practice is devoid of utility and functions only to maximize Defendant's profits at the expense of the consuming public. Any benefit gained by Defendant's practice is far outweighed by the gravity of harm to Plaintiff and the Class who lost money or property by paying for the Products.

*"Unlawful" Prong*

43. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

44. Defendant's actions, as alleged herein, constitute illegal and unlawful practices committed in violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, (the "CLRA"). Particularly, Defendant has unlawfully marketed and advertised the Starbucks' Products in violation of Cal. Civ. Code §§ 1770(a)(5) and 1770(a)(9), discussed further below in Plaintiff's Third Cause of Action.

45. Each of Defendant's unfair, fraudulent, and unlawful practices enumerated above was the direct and proximate cause of financial injury to Plaintiff and the Class. Defendant has unjustly benefitted as a result of its wrongful conduct. Plaintiff and Class Members are accordingly entitled to have Defendant disgorge profits and restore to Plaintiff and Class Members all monies wrongfully obtained by Defendant as a result of the conduct as alleged herein.

**SECOND CAUSE OF ACTION**
**VIOLATION OF FALSE ADVERTISING LAW ("FAL")**
**California Business & Professions Code § 17500,** *et seq.*

46. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

47. Plaintiff has standing to pursue this claim because Plaintiff has suffered injury-in-fact and has lost money or property as a result of Defendant's unlawful, unfair, and fraudulent actions. Specifically, Plaintiff purchased the Venti Pumpkin Spice Latte Product for her own personal consumption. In doing so, Plaintiff relied upon the false representations that the Products contained more espresso, and thus more caffeine, than the

corresponding Grande-sized espresso beverage, when in fact, it contained the same exact amount of caffeine as the cheaper Grande-sized drink. Plaintiff expended money in the transaction that she otherwise would not have had she known Defendant's advertising claims were false.

48. Defendant violated Business & Professions Code § 17500 by publicly disseminating false, misleading, and unsubstantiated advertisements regarding the Products.

49. Defendant's false and misleading advertisements were disseminated to increase the sales of the Products.

50. Defendant knew or should have known their advertisements for the Products were false and misleading.

51. Defendant knew or should have known that consumers, including Plaintiff and Class Members would believe the Products' larger size with a higher composition of espresso, and thus caffeine, than the Products' Grande-sized equivalents.

52. Plaintiff and members of the Class have suffered harm as a result of these violations of the FAL because they have paid monies for the Products that they otherwise would not have paid but for Defendant's false and misleading statements.

53. Defendant is aware, or by the exercise of reasonable care should have been aware, that the representations alleged hereinabove were false and/or misleading. Plaintiff and the members of the Class have suffered injury-in-fact and have lost money as a result of Defendant's false representations and false advertising.

54. Plaintiff and the members of the Class seek an order awarding Class-wide restitution of all monies and disgorgement of profits wrongfully acquired by Defendant as a result of the conduct alleged hereinabove and Defendant's failure to disclose the existence and significance of said misrepresentations.

# THIRD CAUSE OF ACTION
## VIOLATION OF CONSUMER LEGAL REMEDIES ACT ("CLRA")
### California Civil Code § 1750, *et seq.*

55. Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

56. As alleged herein, Plaintiff has standing to pursue this claim because Plaintiff has suffered injury-in-fact and has lost money or property as a result of Defendant's unlawful, unfair, and fraudulent actions. Specifically, Plaintiff purchased the Venti Pumpkin Spice Latte Product for her own personal consumption. In doing so, Plaintiff relied upon the false representations that the Products contained more espresso, and thus more caffeine, than the corresponding Grande-sized espresso beverage, when in fact, it contained the same exact amount of caffeine as the cheaper Grande-sized drink. Plaintiff expended money in the transaction that she otherwise would not have had she known Defendant's advertising claims were false.

57. The Consumer Legal Remedies Act ("CLRA") was enacted to protect consumers against unfair and deceptive business practices. The CLRA applies to Defendant's acts and practices because the Act covers transactions involving the sale of goods to consumers.

58. Plaintiff and the members of the Class are "consumers" within the meaning of Section 1761(d) of the California Civil Code, and they engaged in "transactions" within the meaning of Sections 1761(e) and 1770 of the California Civil Code, including the purchases of the Products.

59. Defendant is a "person" under Cal. Civ. Code § 1761(c).

60. The Products are "goods" under Cal. Civ. Code § 1761(a).

61. Defendant's unfair and deceptive business practices were intended to and did result in the sale of the Products.

62. Defendant violated the CLRA by engaging in the following unfair and deceptive acts and practices:

§ 1770(a)(5)   Representing that [the Products have] . . . characteristics . . . which [they do] not have . . .

§ 1770(a)(9)   Advertising goods or services with intent not to sell them as advertised.

63. If Plaintiff and the Class Members had known that the Products did not contain more espresso, and thus more caffeine, than the corresponding Grande-sized espresso beverages as advertised, they would not have purchased the Products at all.

64. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class Members suffered injury and damages in an amount to be determined at trial.

65. On information and belief, Defendant's actions were willful, wanton, and fraudulent.

66. On information and belief, Defendant's officers, directors, and/or managing agents authorized the use of the misleading statements and material omissions regarding the Starbucks Products.

67. Plaintiff has concurrently filed the declaration of venue required by Civil Code § 1780(d) with this complaint.

68. On December 11, 2019, Plaintiff, through counsel, sent a CLRA demand letter to Defendant that provided notice of Defendant's violation of the CLRA and demanded Defendant correct, repair, replace, or otherwise rectify the unlawful, unfair, false, and deceptive practices complained of herein. The letter also stated that if Defendant refused to do so, Plaintiff would file a complaint seeking damages in accordance with the CLRA. If Defendant does not respond to Plaintiff's letter or agree to rectify the problems associated with the actions detailed above and give notice to all affected consumers within 30 days of the date of written notice pursuant to § 1782, Plaintiff will amend her complaint to seek actual, punitive, and statutory damages, as appropriate against Defendant.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays on behalf of herself and all others similarly situated, for judgment against Defendant as follows:

A. Certifying the Class as requested herein, appointing Plaintiff as Class Representative, and appointing her counsel as Class Counsel;

B. Awarding monetary damages and punitive damages;

C. Ordering Defendant to disgorge and make restitution of all monies Defendant acquired by means of the unlawful practices set forth above;

D. Awarding declaratory and injunctive relief as permitted by law or equity, including: enjoining Defendant from continuing the unlawful practices as set forth herein, and directing Defendant to identify, with Court supervision, victims of its conduct and pay them all money it is required to pay;

E. Ordering Defendant to engage in a corrective advertising campaign;

F. Awarding Plaintiff and Class Members their costs and expenses incurred in the action, including reasonable attorney's fees; and

G. Providing such further relief as may be just and proper.

## VIII.  DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all claims presented herein so triable.

Dated: February 4, 2020               **CARLSON LYNCH, LLP**

*/s/ Todd D. Carpenter*
Todd D. Carpenter (CA 234464)
(Eddie) Jae K. Kim (CA 236805)
Scott G. Braden (CA 305051)
1350 Columbia St. Ste. 603
San Diego, CA 92101
Tel: (619) 762-1900
Fax: (619) 756-6990
tcarpenter@carlsonlynch.com
ekim@carlsonlynch.com
sbraden@carlsonlynch.com

*Attorneys for Plaintiff and the Class*